IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENATO SANTOS and ARLEEN SANTOS, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> BANK OF AMERICA , N.A., successor ) <br> by merger to BAC Home Loans ) <br> Servicing, LP; SAXON MORTGAGE ) <br> SERVICES, INC.; REGIONAL SERVICES ) <br> CORPORATION; PRLAP, INC.; and DOES ) <br> 1 through 250, inclusive, ) <br> ) <br> Defendants. ) <br> _____ ) | Case No. 12-1538-SC <br><br> ORDER TO SHOW CAUSE |

Plaintiffs Arleen Santos and Renato Santos (collectively, "Plaintiffs") are hereby ORDERED TO SHOW CAUSE why this case should not be dismissed for lack of subject-matter jurisdiction.

"[A] challenge to federal subject-matter jurisdiction cannot be waived and may be raised at any time." Local 159, 342, 343 & 444 v. Nor-Cal Plumbing, Inc., 185 F.3d 978, 981 n.3 (9th Cir. 1999). Federal courts may inquire into the existence of subject-matter jurisdiction on their own initiative. See Snell v. Cleveland, Inc., 316 F.3d 822, 826 (9th Cir. 2002). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). It

is the party invoking the court's subject-matter jurisdiction -- here, Plaintiffs -- who bears the burden of showing that it exists. See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).

On March 27, 2012, Plaintiffs filed their Complaint in federal court.  ECF No. 1 ("Compl.").  The Complaint asserts seven claims: (1) quiet title to real property; (2) declaratory relief; (3) preliminary and permanent injunction; (4) cancellation of written instrument; (5) violation of California Civil Code section 2934(a)(1)(A); (6) unjust enrichment; and (7) fraud.  In addition to setting forth Plaintiffs' claims, the Complaint was required to provide "a short and plain statement of the grounds for the court's jurisdiction."  Fed. R. Civ. P. 8(a)(1).  The Court's Civil Local Rules also require the Complaint to "include a separate paragraph entitled 'Jurisdiction'" which "identif[ies] the statutory or other basis for federal jurisdiction and the facts supporting such jurisdiction."  Civ. L.R. 3-5(a).

Plaintiffs' Complaint does not fully comply with these requirements.  Plaintiffs, who are represented by counsel, nowhere assert a statutory or other basis for federal subject-matter jurisdiction.  Additionally, their factual assertions do not clearly imply a basis for subject-matter jurisdiction, for example, by clearly alleging the citizenship and amount-in-controversy requisites of diversity jurisdiction.  Accordingly, the Court cannot yet ascertain whether it has subject-matter jurisdiction over this case.

The Court observes that all seven of Plaintiffs' asserted claims rest on state rather than federal law, and hence the face of

2

the Complaint poses no question "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; see also Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) (describing "well-pleaded complaint" rule). It appears unlikely that Plaintiffs are attempting to invoke the Court's federal-question jurisdiction.

It is more likely that Plaintiffs mean to invoke the diversity jurisdiction provided by 28 U.S.C. § 1332(a)(1). That statute provides the federal courts with subject-matter jurisdiction over civil cases arising between citizens of different states when the case places more than $75,000 in controversy. Here, Plaintiffs do not specifically allege their state citizenship. They do, however, allege that they are the owners of California real estate, apparently in an attempt to suggest their California citizenship. Compl. ¶ 3. They also allege that three of the four defendants are corporations incorporated outside of California. Id. ¶¶ 4-5, 7. However, they also allege that one defendant, Regional Services Corporation ("Regional") is a "California corporation." Id. ¶ 6.

It is black-letter law that the exercise of diversity jurisdiction requires "complete" diversity between the parties. See Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373-74 (1978). That is, no defendant may be a citizen of the same state as any plaintiff. E.g., Dolch v. United California Bank, 702 F.2d 178, 181 (9th Cir. 1983). Here, it appears that Plaintiffs and Regional may both be California citizens. If that is so, then the Court may not exercise subject-matter jurisdiction over this case on the basis of diversity. There being no other apparent basis for subject-matter jurisdiction, the Court's preliminary inclination is

3

1  to dismiss the action for lack of subject-matter jurisdiction
2  unless Plaintiffs can meet their burden of showing that
3  jurisdiction is proper.  Plaintiffs are hereby ORDERED TO SHOW
4  CAUSE why the case should not be dismissed for lack of subject-
5  matter jurisdiction.
6      No hearing shall be held in this matter.  Plaintiffs, as well
7  as any named Defendant, may submit a brief of not more than four
8  (4) pages, exclusive of supporting declarations or exhibits, in
9  support of or opposing the Court's exercise of subject-matter
10 jurisdiction in this case.  Such briefs are due within ten (10)
11 calendar days of the signature date of this Order to Show Cause.
12 Defendants may submit a brief but are not required to do so.  If
13 Plaintiffs, however, do not timely submit a brief, the Court shall
14 dismiss their case for lack of subject-matter jurisdiction.
15 Plaintiffs are reminded that their filings must be made through the
16 Court's electronic filing system, see Civ. L.R. 5-1(b), and must
17 otherwise comply with the Court's Civil Local Rules.

19      IT IS SO ORDERED.

21      Dated: September 20, 2012    _____
                                     UNITED STATES DISTRICT JUDGE

4