IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENATO SANTOS and ARLEEN SANTOS, ) | Case No. 12-1538-SC |
| ) | |
| Plaintiffs, ) | ORDER DISMISSING CASE |
| ) | |
| v. ) | |
| ) | |
| BANK OF AMERICA , N.A., successor ) | |
| by merger to BAC Home Loans ) | |
| Servicing, LP; SAXON MORTGAGE ) | |
| SERVICES, INC.; REGIONAL SERVICES ) | |
| CORPORATION; PRLAP, INC.; and DOES ) | |
| 1 through 250, inclusive, ) | |
| ) | |
| Defendants. ) | |
| ) | |

On September 20, 2012, the Court ordered Plaintiffs Arleen Santos and Renato Santos (collectively, "Plaintiffs") to show cause why this case should not be dismissed for lack of subject-matter jurisdiction. ECF No. 36 ("OSC"). The Court gave Plaintiffs ten calendar days to file a brief in response and warned them that failure to timely respond would result in dismissal. Id. On October 1, 2012, Plaintiffs timely filed a response. ECF No. 37 ("Response"). In it, Plaintiffs -- apparently conceding that diversity jurisdiction is not present here -- argue that the Court has subject-matter jurisdiction under 12 U.S.C. § 2614. That statute confers subject-matter jurisdiction on the federal courts for certain violations of the Real Estate Settlement Procedure Act ("RESPA"), 12 U.S.C. § 2601 et seq. Plaintiff argues that § 2614 gives this Court subject-matter jurisdiction because Plaintiff's

complaint contains allegations of RESPA violations, specifically, of § 2605. Response at 1-2 (citing ECF No. 1 ("Compl."))[1]. The Complaint does not set forth a claim for relief under RESPA.

Plaintiffs' argument fails. Plaintiffs cannot rely on factual allegations of RESPA violations to confer subject-matter jurisdiction since Plaintiffs do not formally assert a RESPA claim. There is a difference between alleging as a factual matter that a statute has been violated and asserting a legal claim to relief for that violation. Only the latter can support federal subject-matter jurisdiction, see Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987), but Plaintiff has done only the former. Moreover, merely conclusory legal allegations of the type Plaintiffs point to in their Response are insufficient to state a viable federal claim. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

Plaintiffs request leave to amend their Complaint "to clarify the federal allegations and properly allege federal causes of action applicable in this matter against these Defendants." Response at 2. The request is DENIED because, though Plaintiffs' allegations are factually complete, they do not state a cognizable cause of action. Plaintiffs allege, in essence, that they sent a qualified written request to their loan servicer under § 2605(e) and that they received a timely but purportedly incomplete response which did not inform them of the identity of the owner of their loan. Compl. ¶¶ 14-17. These allegations fail to state a claim as a matter of law because, assuming Plaintiffs could show actual

---

[1] Plaintiffs cite to paragraphs 27 through 29 of their Complaint but the allegations pertaining to the purported RESPA violation are actually contained in paragraphs 14 through 17.

damage "resulting from [their] lack of knowledge as to the owner of [their] loan," such a showing would not be "plausibly related to [their] RESPA claim, because § 2605 relates only to the servicing of a loan, not to its ownership or validity." Tamburri v. Suntrust Mortg., Inc., --- F. Supp. 2d ---, 2012 WL 2367881, at *4 (N.D. Cal. 2012). Amendment would therefore be futile, because Plaintiffs' well-pleaded allegations would not give rise to a cognizable federal cause of action. In the absence of a federal cause of action, the Court would decline to exercise supplemental jurisdiction over Plaintiffs' remaining claims. 28 U.S.C. § 1367(c)(3).

Accordingly, the Court hereby DISMISSES the above-captioned case for lack of subject-matter jurisdiction.

IT IS SO ORDERED.

Dated: October 3, 2012

UNITED STATES DISTRICT JUDGE