**United States District Court**
For the Northern District of California

1

2

3                 IN THE UNITED STATES DISTRICT COURT

4             FOR THE NORTHERN DISTRICT OF CALIFORNIA

5

6   RENATO SANTOS and ARLEEN SANTOS,   ) Case No. 12-1538-SC
                                       )
7            Plaintiffs,               ) ORDER DISMISSING CASE
                                       )
8        v.                            )
                                       )
9   BANK OF AMERICA , N.A., successor  )
    by merger to BAC Home Loans        )
10  Servicing, LP; SAXON MORTGAGE      )
    SERVICES, INC.; REGIONAL SERVICES  )
11  CORPORATION; PRLAP, INC.; and DOES )
    1 through 250, inclusive,          )
12                                     )
                                       )
13           Defendants.               )
                                       )
14  _____  )

15       On September 20, 2012, the Court ordered Plaintiffs Arleen

16  Santos and Renato Santos (collectively, "Plaintiffs") to show cause

17  why this case should not be dismissed for lack of subject-matter

18  jurisdiction.  ECF No. 36 ("OSC").  The Court gave Plaintiffs ten

19  calendar days to file a brief in response and warned them that

20  failure to timely respond would result in dismissal.  Id.  On

21  October 1, 2012, Plaintiffs timely filed a response.  ECF No. 37

22  ("Response").  In it, Plaintiffs -- apparently conceding that

23  diversity jurisdiction is not present here -- argue that the Court

24  has subject-matter jurisdiction under 12 U.S.C. § 2614.  That

25  statute confers subject-matter jurisdiction on the federal courts

26  for certain violations of the Real Estate Settlement Procedure Act

27  ("RESPA"), 12 U.S.C. § 2601 et seq.  Plaintiff argues that § 2614

28  gives this Court subject-matter jurisdiction because Plaintiff's

**United States District Court**
For the Northern District of California

1   complaint contains allegations of RESPA violations, specifically,

2   of § 2605.  Response at 1-2 (citing ECF No. 1 ("Compl.")).[1]  The

3   Complaint does not set forth a claim for relief under RESPA.

4        Plaintiffs' argument fails.  Plaintiffs cannot rely on factual

5   allegations of RESPA violations to confer subject-matter

6   jurisdiction since Plaintiffs do not formally assert a RESPA claim.

7   There is a difference between alleging as a factual matter that a

8   statute has been violated and asserting a legal claim to relief for

9   that violation.  Only the latter can support federal subject-matter

10  jurisdiction, see Caterpillar Inc. v. Williams, 482 U.S. 386, 392

11  (1987), but Plaintiff has done only the former.  Moreover, merely

12  conclusory legal allegations of the type Plaintiffs point to in

13  their Response are insufficient to state a viable federal claim.

14  Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

15       Plaintiffs request leave to amend their Complaint "to clarify

16  the federal allegations and properly allege federal causes of

17  action applicable in this matter against these Defendants."

18  Response at 2.  The request is DENIED because, though Plaintiffs'

19  allegations are factually complete, they do not state a cognizable

20  cause of action.  Plaintiffs allege, in essence, that they sent a

21  qualified written request to their loan servicer under § 2605(e)

22  and that they received a timely but purportedly incomplete response

23  which did not inform them of the identity of the owner of their

24  loan.  Compl. ¶¶ 14-17.  These allegations fail to state a claim as

25  a matter of law because, assuming Plaintiffs could show actual

26

27

28  [1] Plaintiffs cite to paragraphs 27 through 29 of their Complaint
    but the allegations pertaining to the purported RESPA violation are
    actually contained in paragraphs 14 through 17.

**United States District Court**
For the Northern District of California

1  damage "resulting from [their] lack of knowledge as to the owner of

2  [their] loan," such a showing would not be "plausibly related to

3  [their] RESPA claim, because § 2605 relates only to the servicing

4  of a loan, not to its ownership or validity."  Tamburri v. Suntrust

5  Mortg., Inc., --- F. Supp. 2d ---, 2012 WL 2367881, at *4 (N.D.

6  Cal. 2012).  Amendment would therefore be futile, because

7  Plaintiffs' well-pleaded allegations would not give rise to a

8  cognizable federal cause of action.  In the absence of a federal

9  cause of action, the Court would decline to exercise supplemental

10  jurisdiction over Plaintiffs' remaining claims.  28 U.S.C. §

11  1367(c)(3).

12     Accordingly, the Court hereby DISMISSES the above-captioned

13  case for lack of subject-matter jurisdiction.

14

15     IT IS SO ORDERED.

16

17     Dated:  October 3, 2012        _____

18                                     UNITED STATES DISTRICT JUDGE

19

20

21

22

23

24

25

26

27

28

3